IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DOE and JANE DOE 1 through 20, JOHN DOE and JANE DOE A through K, DOE 12 on behalf of DOES H and K, minors, and DOE G on behalf of DOE 1, minor, | ) ) ) ) ) | 8:09CV456 |
| Plaintiffs, | ) ) | **MEMORANDUM AND ORDER** |
| V. | ) ) | |
| STATE OF NEBRASKA, et al., | ) ) | |
| Defendants. | ) ) | |
| JOHN DOE, | ) ) | 4:09CV3258 |
| Plaintiff, | ) ) | |
| V. | ) ) ) | **MEMORANDUM AND ORDER** |
| ATTORNEY GENERAL JON BRUNING, et al., | ) ) ) | |
| Defendants. | ) ) | |
| JOHN DOE, | ) ) | 4:09CV3266 |
| Plaintiff, | ) ) | |
| V. | ) ) ) | **MEMORANDUM AND ORDER** |
| NEBRASKA STATE PATROL, et al., | ) ) | |
| Defendants. | ) ) | |

In 8:09CV456, the State of Nebraska filed a notice advising me that "duplicative actions [have been] filed in State Courts" and setting forth the following details:

1. Sarpy County District Court Case No. 09-2397
   John Doe v. State of Nebraska, et al. Complaint filed December 31, 2009. Temporary Restraining Order granted on December 31, 2009. Order lifting Temporary Restraining Order and granting motion to stay proceedings pending affirmation the Plaintiffs are not parties in federal court case entered January 4, 2010.

2. Lancaster County District Court Case No. 09-5071
   John Doe I, John Doe II, v. State of Nebraska, et al. Complaint filed December 31, 2009. Motion to stay proceedings pending determination by federal court denied January 5, 2010. Hearing on Temporary Injunction scheduled for January 7, 2010 at 2:30 p.m.

3. Lincoln County District Court Case No. 10-4
   John Doe v. State of Nebraska, et al. Complaint filed January 4, 2010. Ex Parte Temporary Restraining Order entered January 4, 2010 enjoining the enforcement of LB 97 and LB 285. Hearing on Temporary Injunction scheduled for January 14, 2010 at 8:30 a.m.

(Filing 98 at CM/ECF p. 1.)

I herewith request that the courts of the State of Nebraska refrain from issuing any orders enjoining Nebraska's Sex Offender Registration Act and related legislative bills while my cases are pending. First, I acquired jurisdiction over extremely broad federal and state law claims prior to any state court. Second, before any state court acted, I made a substantive ruling and that substantive ruling may be preclusive, thus justifying the issuance of an injunction against state judges from proceeding further. *See*, *e.g.*, *In re Baycol Products Litigation*, —F.3d —, 2010 WL 10397 (8th Cir., Jan. 5, 2010) (affirming injunction against relitigating in state court certification decision regarding a class action). Third, even if an action is allegedly grounded solely on state law, there may be a federal question presented, justifying injunctive relief (or removal), inasmuch as the amendments attacked by the Plaintiffs bring Nebraska into compliance with federal law.

These and other questions are very difficult. I desperately hope to avoid a dispute with the state courts, but if push comes to shove and Nebraska files an appropriate motion, I may step in and enjoin state judges from taking any further action in these matters. Since full and fair relief is available in this court, since this court was the first to acquire jurisdiction of similar, or perhaps even identical, state and federal claims, since important federal interests are at stake, and since the possibility of conflicting injunctions serves no one's interests,

IT IS ORDERED that counsel for the State of Nebraska shall provide a copy of this memorandum and order to any state court judge considering whether to enjoin enforcement of the Nebraska Sex Offender Registration Act and LB 97 and LB 285. My chambers shall call Mr. Dornan, Mr. Beckman, and counsel for Nebraska and inform them of the entry of this memorandum and order.

DATED January 7, 2010.

                                          BY THE COURT:
                                          *Richard G. Kopf*
                                          United States District Judge