# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>STATE OF NEBRASKA, et al., )<br>)<br>Defendants. )<br>_____ ) | 8:09-cv-456<br><br>**REPORT OF PARTIES'**<br>**PLANNING CONFERENCE** |
| JOHN DOE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NEBRASKA STATE PATROL, et al., )<br>)<br>Defendants. )<br>_____ ) | 4:10-cv-3266 |
| JOHN DOE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF NEBRASKA, et al., )<br>)<br>Defendants. )<br>_____ ) | 4:10-cv-3005 |

Counsel for the parties met on September 8, 2010 by telephone. Representing Plaintiffs was Stu Dornan and Rodney Dahlquist, 1403 Farnam Street, #232, Omaha, NE 68102; representing defendants were Katherine J. Spohn, Attorney General's Office, 2115 State Capitol, Lincoln, Nebraska, 68509. The parties discussed the case and jointly (except as noted below) make the following report:[1]

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as

A.  Mandatory disclosures shall be served by <u>Plaintiffs on October 29, 2010; Defendants shall serve their mandatory disclosures by November 16, 2010.</u>

B.  Motions to amend the pleadings or to add parties shall be filed <u>within 10 days of this Court's scheduling of the case for trial.</u>

   **Note**: The parties may agree on separate dates for plaintiff(s) and defendant(s).

C.  Experts and, unless otherwise agreed, expert reports shall be served by Plaintiffs by <u>December 10, 2010.  Defendants shall have 30 days from identification of Plaintiffs' experts to identify their experts, with reports filed 60 days from identification of Plaintiffs' experts.</u>

   **Note**: The parties may agree on separate dates for plaintiff(s) and defendant(s).

D.  Discovery.

   1).  Discovery, including depositions, will be completed by <u>January 28, 2011, provided that Defendants' expert is available and reasonably able to be deposed by that time</u>.

   2).   Agreed Discovery Procedures:

      a.  Unique Circumstances. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming: <u>Defendants are public officials, whose schedules and public duties will require the placing of limitations on their availability during discovery and on the scope of discovery from these officials</u>.

      Counsel have agreed to the following actions to address that difficulty: <u>The parties will communicate fully and responsibly to schedule deposition discovery.</u>

      b.  Electronic Discovery Provisions: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

         (i)  The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

---

addresses, phone numbers, social security numbers, etc.  If such identifiers are required to be disclosed to opposing parties,  you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions.  See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

    (ii)    The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

    (iii)    The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

    (iv)    Whether reasonable measures have been implemented to preserve such data;

    (v)    The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

    (vi)    The form and method of notice of the duty to preserve;

    (vii)    Mechanisms for monitoring, certifying, or auditing custodial compliance;

    (viii)    Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

    (ix)    Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

    (x)    The anticipated costs of preserving these materials and how such costs should be allocated; and

    (xi)    The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

__X__ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

_____ The following provisions should be included in the court's scheduling order: _____.

    c.    Privileged and/or confidential communications and information.

**General practice**: Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

**Special provisions**. To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:
  i.   Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;
  ii.  Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and
  iii. As contemplated by Rule 502(e) of the Federal Rules of Evidence, (Fed. R. Evid. 502(e)), the need for and terms of any agreement regarding disclosure of privileged attorney client communications or confidential work product, and whether the parties will seek court approval of any such agreement.[2]

d.   _25_ Is the maximum number of interrogatories, including sub-parts, that may be served by any party on any other party.

e.   _10_ Is the maximum number of depositions that may be taken by plaintiffs as a group and defendants as a group.

f.   _____ Depositions will be limited by Rule 30(d)(2), except the depositions of _____,which by agreement shall be limited as follows: _____.

---

[2] See, e.g., *Wade v. Gaither*, 2010 WL 62424,9 2010 U.S. Dist. LEXIS 14456, 7-8 (D. Utah Feb. 20, 2010); *Northern Natural Gas Co. v. L.D. Drilling, Inc.*, 2010 U.S. Dist. LEXIS 8810, 16-17 (D. Kan. Feb. 1, 2010); *In re Avandia Mktg.*, 2009 U.S. Dist. LEXIS 122246, 34-36 (E.D. Pa. Oct. 2, 2009).

      g.    Other special discovery provisions agreed to by the parties or suggested by either party are: <u>The parties hereby notify the Court of anticipated discovery issues or challenges arising from Plaintiffs' likely discovery requests for correspondence of all kind between and among the Attorney General's office and the Legislators' offices which may be subject to various privilege and confidentiality laws. Any such discovery challenges may require an extension of the deadlines set forth in this Report.</u>

E.    Motions to dismiss, motions for summary judgment, or motions to exclude expert testimony on *Daubert* and related grounds will be filed by <u>February 4, 2011, provided that the expert reports have been provided to counsel at least seven (7) days in advance</u>.

F.    Other matters to which the parties stipulate and/or which the court should know or consider: _____.

G.    This case will be ready for trial before the court by: <u>March 2011</u> . The anticipated length of trial is <u>3</u> days.

Dated: September 15, 2010

        BY:      _s/ Stuart J. Dornan_____
                       Stuart J. Dornan, #18553
                       Jason E. Troia, #21793
                       Josh Weir, #23492
                       Rodney C. Dahlquist, Jr., #23912
                       Dornan Lustgarten & Troia, PC LLO
                       1403 Farnam Street, Suite 232
                       Omaha, Nebraska 68102
                       (402) 884-7044
                       Attorneys for Plaintiffs

        BY:      *s/* Katherine J. Spohn _____
                       Jon Bruning, #20351
                       David D. Cookson, #18681
                       Katherine J. Spohn, #22979
                       Kevin L. Griess, #22182
                       Assistant Attorneys General
                       2115 State Capitol
                       Lincoln, NE  68508
                       (402) 471-2682
                       david.cookson@nebraska.gov
                       katie.spohn@nebraska.gov
                       kevin.griess@nebraska.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2010, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which sent notification to all CM/ECF participants in above captioned matter.

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    None

                                  BY:    s/ Stuart J. Dornan
                                                STUART J. DORNAN, #18553