IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| John Doe and Jane Doe 1 through 36, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 8:09-cv-456<br><br><br>**STUART J. DORNAN'S DECLARATION FOR ATTORNEYS' FEES AND EXPENSES** |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 4:10-cv-3005 |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Nebraska State Patrol, et al.,<br><br>Defendants. | 4:09-cv-3266 |

**DECLARATION OF STUART J. DORNAN IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO
42 U.S.C. § 1988 AND FED. R. CIV P. 54(d).**

I, **STUART J. DORNAN** declare, pursuant to 28.U.S.C. § 1746 and under penalty of perjury as follows:



1. I am counsel for Plaintiffs in the above captioned action. I hereby submit this declaration in support of Plaintiffs' motion to set the amount of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2).

2. I am a member of the bars of the State of Louisiana (inactive), Texas (inactive) and Nebraska, and am admitted to practice in the United States District Courts for the District of Nebraska and the Southern and Northern Districts of Iowa.

**Legal Experience**

3. I graduated from Louisiana State University Law School in 1983.

4. Prior to law school, I graduated from the University of Florida with a B.A. in English in 1979.

5. I served as a Judicial Law Clerk for the Honorable Randolph H. Parro in Thibodaux, Louisiana. Judge Parro now serves on the Louisiana Court of Appeals.

6. From November 1984 to December 1987 I served as a Special Agent with the FBI in Omaha, Nebraska. I received exceptional job performance ratings in 1986 and 1987, and received an exemplary service award in 1988 upon culmination of a special 1 ½ year investigation. I investigated and was involved in the successful prosecution of crimes involving sexual assault.

7. I currently serve on the Board of Directors of the Nebraska Criminal Defense Attorney's Association, and serve on the Federal Practice Committee. In addition, I have an AV rating with the Martindale-Hubbell, and have been named as a Great Plain Super Lawyer and a Top 100 Trial Lawyers by the National Trial Lawyers Association. I am also the President Elect of the Omaha Bar Association, and am a Fellow with the Nebraska Bar Association.

8. I served as a hearing Examiner with the Nebraska Equal Opportunity Commission from June, 1997 to September, 2003. I presided over a number of Civil Rights Claims and authored several written opinions at the conclusion of trials.

9. As Douglas County Attorney, I worked with staff attorneys in defending civil rights lawsuits against the County from their inception and was ultimately responsible for decisions involving their resolution. In addition, I vigorously prosecuted Defendants charged with sexual assault.

10. I have previously been appointed by this Court to represent a Plaintiff in a prisoner rights litigation lawsuit and supervised Joshua Weir who tried the case to resolution.

11. Over the last 22 years I have appeared regularly in the United States District Court of Nebraska as both C.J.A. and retained counsel where I litigate a plethora of constitutional issues in criminal cases. In addition, I have appeared in the same capacity in the last four years in both the Northern and Southern Districts of Iowa.

12. I have presented a number of times on different topics at seminars sponsored by the Nebraska Criminal Defense Attorney's Association.

**Work on this Case**

13. Plaintiffs' seek compensation for the time I spent on this matter between November 2009 and the present.

14. In November 2009, I was first contacted by Doe 2 and a few other people who would be subject to the registry changes on January 1, 2010. They raised serious concerns about their ability to continue to work and maintain healthy family relationships if they were subjected to the threatened registry changes.

15. They indicated that they had approached a number of attorneys and firms about challenging these changes, but they had been unsuccessful up to that point at obtaining representation.

16. It was anticipated at the outset that our litigation would attract some local and national attention. It was obvious that our clients are universally considered to be in one of the lowest classes of human beings possible. I met with each of the firm's partners to make sure they knew that their names would be on a lawsuit of this magnitude. I was supported by all of the partners despite the potential scrutiny and negative impact that we might sustain.

17. We agreed to accept the case, even though they understood that the Plaintiffs had limited resources and had indicated that they would have to take up a collection for the initial attorney fees, with the understanding that, if we were ultimately successful, attorney fees may be awarded. All but a couple of our plaintiffs had financial challenges and were unable to come up with a reasonable attorney fee for the task at hand. Fortunately, there were enough plaintiffs to at least get us started with the litigation by pooling the resources.

18. The risks involved included: 1. taking on a massive lawsuit with clients that are both in one of the most unpopular groups that one could possibly be in and in such a financial situation that they would not be able to finance a lawsuit of this magnitude without a firm willing to incur fees and costs without payment; 2. being locally and nationally scrutinized for representation of the unpopular group of plaintiffs; and lost business relationships out of fear of association with our law firm.

19. Although the risks were just perceived at the outset, all of the risks have come to fruition. The plaintiffs were only able to pay approximately 25% of the attorney fees and costs incurred.

20. During the case development and investigation phase of this case, I completed legal research and reviewed and provided assistance with research and drafting of claims and allegations in the Complaint. I also participated in interviews with potential plaintiffs and, as lead counsel, maintained coordination, relationships and communication with Plaintiffs throughout the case.

21. Prior to this lawsuit, I called the Attorney General and left a message to call me back in an attempt to discuss the registry changes and the unconstitutionality of some provisions. I received a return call from two Assistant Attorneys General who informed me that no conversation or negotiation would be undertaken unless and until a lawsuit was filed.

22. Once filed, I took the lead in litigating the preliminary injunction portion of this case, and contributed to, and reviewed, and authorized all filings and strategic decisions on this case and attended all but one court hearing.

23. At some point after the lawsuit was filed, I recall Mr. Bruning stating that his office had 20 to 30 attorneys or a whole army of attorneys working on the case.

24. Following Summary Judgment, this Court ordered that the parties consider a joint expert. I contacted the counsel for the Defendants, but was informed that they had no interest in a joint expert. This meant that any expert costs would be borne solely by the Plaintiffs, who were already strapped for funds.

25. Our clients were unable to afford Eugene Volokh on their own, so we searched for a separate expert and were eventually successful in contacting Prof. David Post.

26. On November 1, 2010, I attended a settlement conference in Lincoln to discuss the possibility of a resolution. The meeting was brief (less than 20 minutes), and I recall that there was no serious negotiation done.

27. At trial, I was co-second chair and provided guidance and advice throughout trial.

**Requested Rate and Fee Award**

28. Based on prevailing rates for attorneys of my experience in this market, Plaintiffs seek compensation for hours I expended in this case at a rate of $300 per hour. As set forth in this Exhibit 1, I expended 268.9 hours in this matter from 2009 to 2012.

29. In the exercise of billing judgment, I have, in consultation with co-counsel, excluded from the total number of hours included in this fee petition 15% of my time spent speaking with clients, conducting research, reviewing documents and preparing for litigation to account for duplication of effort and the partial and incomplete success of the Plaintiffs' claims. The Plaintiffs only seek to recover fees for 228.6 hours of my time expended in this matter. Accordingly, a lodestar of $68,580.00 is requested for my work on this case.

30. Based on the arguments raised in the Brief in Support, Plaintiffs seek an enhancement of the multiplier by a minimum of 2.25; consequently, the minimum reasonable attorney fee requested for my work is $154,305.00.

31. Blake Richards was employed by the firm at the outset of the lawsuit. The time reflected in this application is accurate based on the numbers he provided to the firm during his employment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 31st, 2012, in Omaha, Nebraska.

STUART J. DORNAN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| John Doe and Jane Doe 1 through 36, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 8:09-cv-456<br><br><br>**DECLARATION OF<br>THOMAS J. MONAGHAN** |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 4:10-cv-3005 |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Nebraska State Patrol, et al.,<br><br>Defendants. | 4:09-cv-3266 |

I, **THOMAS J. MONAGHAN** declares, pursuant to 28.U.S.C. § 1746 and under penalty of perjury as follows:

1. I am counsel for Plaintiffs in the above captioned action. I hereby submit this declaration in support of Plaintiffs' motion to set the amount of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2).

2. I am a member of the bar of the State of Nebraska, and am admitted to practice in the United States District Court for the District of Nebraska, the United States Court of



EXHIBIT
4

Appeals for the 8th Circuit, the District of Columbia Circuit and the United States Supreme Court.

**Legal Experience**

3. I graduated from the University of Nebraska College of Law in 1972.

4. Prior to law school, I graduated from the Creighton University with a B.A. in 1969.

5. From 1993 to 2001 I was the United States Attorney for the State of Nebraska.

6. From 2004 to 2006 I served as the Director of the Department of Justice with the United Nations in Kosovo.

7. Over the last 40 years I appear regularly in the United States District Courts representing both Plaintiffs and Defendants in a variety of complex criminal and civil litigations.

**Work on this Case:**

8. Plaintiffs' seek compensation for the time I spent on this matter between November 2009 and the present.

9. During the case development and investigation phase of this case, I completed legal research and reviewed and provided assistance with research and drafting of claims and allegations in the Complaint. I also participated in interviews with potential plaintiffs and, as lead counsel, maintained coordination, relationships and communication with Plaintiffs throughout the case.

10. I assisted in litigating the preliminary injunction portion of this case, and contributed to, and reviewed all filings and strategic decisions on this case and attended all but a few court hearings.

**Requested Rate and Fee Award**

11. Based on prevailing rates for attorneys of my experience in this jurisdiction – Plaintiffs seek compensation for hours I expended in this case at a rate of $300.00 per hour.

12. As set forth in this billing records attached hereto, I expended 75.0 hours in this matter between 2009 and 2012. In the exercise of billing judgment, I have, in consultation with co-counsel, excluded from the total number of hours included in this fee petition 15% of my time. Plaintiffs therefore only seek to recover fees for 63.8 hours of my time expended in this matter.

13. Accordingly, a lodestar of $19,140.00 is requested for my work on this case.

14. Further, a minimum multiplier of 2.25 is requested for my work on this case, and consequently a minimum attorney fee of $43,065.00 is requested for my work on this case.

I declare under penalty of perjury that the foregoing is true and accurate.  Executed at Omaha, Nebraska, on November ___, 2012.

Respectfully Submitted,

THOMAS J. MONAGHAN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| John Doe and Jane Doe 1 through 36, et al,<br><br>            Plaintiffs,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>            Defendants. | 8:09-cv-456<br><br><br>**DECLARATION OF<br>CHRISTINE A. LUSTGARTEN** |
| John Doe,<br><br>            Plaintiff,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>            Defendants. | 4:10-cv-3005 |
| John Doe,<br><br>             Plaintiff,<br><br>vs.<br><br>Nebraska State Patrol, et al.,<br><br>            Defendants. | 4:09-cv-3266 |

     I, Christine A. Lustgarten, declare pursuant to 28.U.S.C. § 1746 and under penalty of perjury as follows:

1.    I am counsel for Plaintiffs in the above captioned action. I hereby submit this declaration in support of Plaintiffs' motion to set the amount of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2).


EXHIBIT
5

2. I am a member of the bar of the State of Nebraska, and am admitted to practice in the United States District Court for the District of Nebraska, United States Court of Appeals for the Eighth Circuit, the United States Supreme Court.

**Legal Training and Experience**

3. I graduated from Creighton Law School in 1993. I have a Masters Degree in Computers in Education from Lesley College, Cambridge MA, and I graduated from Iowa State University in 1973 with a major in Spanish.

4. While in law school, I was an assistant professor in the Computer Science Department at Iowa Western Community College. I also taught business law.

5. Following law school I worked in the Civil Division of the Douglas County Attorney's Office and was promoted to Chief Deputy of the Civil Division in 2000. I defended Douglas County in numerous federal civil rights lawsuits and tried three federal civil rights law suits in the United States District Court for the District of Nebraska. (*Giangrasso v. Tim Dunning, et al; Thomas Freeman v. Douglas County Corrections; FNU and LNU v. Douglas County Corrections).*

6. I supervised and advised the other deputy county attorneys in their preparation of other federal civil rights lawsuits. I briefed and argued *Brodnicki v. James Jansen, et* al before the Eighth Circuit Court of Appeals and authored the brief in opposition to certiori to the United States Supreme Court.

7. I authored an article for the Nebraska Lawyer Magazine on the international and federal laws of reuniting families when parents have been deported, including the value of the joining the consulate as a party in these cases.

8. I am the Chair of the Nebraska Lawyers Assistance Program Committee and co-chair of the Nebraska Academy of Collaborative Professionals. I am a certified mediator and am affiliated with the Concord Center in Omaha, Nebraska.

9. I am a Fellow of the Nebraska State Bar Foundation and have judged mock trial competition for the past three years.

10. I have presented before the Nebraska Bar Association on the topic of ethics and the Nebraska County Attorney's Association on the topic of prisoner litigation. I have prepared and presented to professional groups on Tax Equalization and Review Commission appeal strategies.

11. I am currently a senior partner in the law firm of Dornan, Lustgarten & Troia, PC, LLO. I am a founding partner of the firm, having started private practice in January 2007. I am the managing partner of the firm.

12. Because of my experience with the Douglas County Attorney's office and my expertise in government law, in 2011 I was asked by the Mayor of Bennington, Nebraska, to consider an appointment as Bennington City Attorney. When the matter came before the City Council of Bennington for consideration, the firm's representation of sex offenders in this current case was cited as the sole reason that I would not be appointed as City Attorney.

13. I have consulted and advised the County Board of Pawnee County since starting private practice. In the summer of 2012, I was called by one of the members of the County Board of Pawnee County and asked to consider the Board's appointment to fill the vacancy of the retiring County Attorney. Again, when I disclosed that the current litigation was pending, my name was withdrawn from consideration.

**Work on this Case**

14. Plaintiffs' seek compensation for the time I spent on this matter between December 2010 and the present. While I did not formally appear, I provided guidance and strategized throughout the lawsuit.

15. During the case development and investigation phase of this case, I met with the legal team to develop strategy and provide my advice on and experience in federal civil procedure. I was consulted regarding the initial filing of the lawsuit, the procedures required to file on behalf of anonymous plaintiffs, and the pertinent case law for the purpose of opining on the impact of prior SORA cases on the fact scenarios presented by our clients.

16. I was responsible for preparing two John Doe plaintiffs for deposition and attended the depositions of these two plaintiffs. I was called upon to review and edit briefs and to perform an accounting of the attorneys time sheets in preparation for the application for fees.

**Requested Rate and Fee Award**

17. Based on prevailing rates for attorneys of my experience in this jurisdiction – those with ten years of experience in civil rights litigation practice - Plaintiffs seek compensation for hours I expended in this case a rate of $200 per hour.

18. As set forth in the billing records in Exhibit 1, I expended 18.7 hours regarding the merits litigation between 2009 and 2012.

19. In the exercise of billing judgment, I have, in consultation with co-counsel, excluded 15% of my time expended on this case from the total number of hours included in this fee application, or 2.8 hours. Plaintiffs therefore only seek to recover fees for 15.9 hours of my time expended in this matter.

20. Accordingly, an attorney fee of $3,179.00 is requested for my work on the merits case.

21. I have discounted the time I expended on this fee application in total, or a total of 10.0 hours.

22. I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 31, 2012

Respectfully Submitted,

Christine A. Lustgarten, Partner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| John Doe and Jane Doe 1 through 36, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 8:09-cv-456<br><br><br>**JASON E. TROIA'S<br>DECLARATION<br>FOR ATTORNEYS' FEES<br>AND EXPENSES** |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 4:10-cv-3005 |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Nebraska State Patrol, et al.,<br><br>Defendants. | 4:09-cv-3266 |

I, **JASON E. TROIA** declare, pursuant to 28.U.S.C. § 1746 and under penalty of perjury as follows:

1. I am counsel for Plaintiffs in the above captioned action. I hereby submit this declaration in support of Plaintiffs' motion to set the amount of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2).

2. I am a member of the bar of Nebraska, and am admitted to practice in the United States District Courts for the District of Nebraska.

EXHIBIT
6

**Legal Experience**

3. I graduated from Creighton University School of Law in 1999.

4. Prior to law school, I graduated from the University of Nebraska with a B.S. in Business Administration in 1996. I minored in Political Science and English.

5. I served as a Law Clerk for the Douglas County Public Defender's Office in 1997, I completed an internship with the City of Omaha Prosecutor's Office in 1999, and served as a Law Clerk for Gallup & Schaefer Law Office from 1997-1999.

6. I became an Associate Attorney with Gallup & Schaefer in 1999 and continued with them until 2008. In 2008 I became a Partner with Dornan, Lustgarten & Troia PC LLO.

7. Over the last 13 years I have appeared regularly in the United States District Court of Nebraska as both C.J.A. and retained counsel where I litigate a plethora of constitutional issues in criminal cases.

**Work on this Case**

8. Plaintiffs' seek compensation for the time I spent on this matter between November 2009 and the present.

9. During the case development and investigation phase of this case, I completed legal research and reviewed and provided assistance with research and drafting of claims and allegations in the Complaint. I also participated in interviews with potential plaintiffs and maintained coordination, relationships and communication with Plaintiffs throughout the case. I prepared a spreadsheet to track our plaintiffs and created written interviews for each of them to complete to help clarify our challenges to the legislation.

10. The majority of my research and specialization centered around the ex post facto arguments that we submitted and how the new law, practically speaking, impacted our plaintiffs that were still on paper versus those that were not.

**Requested Rate and Fee Award**

11. Based on prevailing rates for attorneys of my experience in this jurisdiction – Plaintiffs seek compensation for hours I expended in this case at a rate of $225.00 per hour.

12. As set forth in this billing records attached hereto, I expended 44.3 hours in this matter between 2009 and 2012.

13. In the exercise of billing judgment, I have, in consultation with co-counsel, excluded from the total number of hours included in this fee petition 15% of my time spent speaking with clients, conducting research, reviewing documents and preparing for litigation to account for duplication of effort. Plaintiffs therefore only seek to recover fees for 37.7 hours of my time expended in this matter.

14. Accordingly, a lodestar of $8,478.00 is requested for my work on this case.

15. Based on the factors highlighted and discussed in the Brief in Support of Plaintiffs' Fee Application, the Plaintiffs seek a compensatory multiplier of 2.25. Accordingly, the Plaintiffs request a fully compensatory fee award of $19,075.50 for my work on and representation in this case.

I declare under penalty of perjury that the foregoing is true and accurate. Executed at Omaha, Nebraska, on November 1ˣ, 2012.

Respectfully Submitted,

JASON E. TROIA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| John Doe and Jane Doe 1 through 36, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 8:09-cv-456<br><br><br>**DECLARATION OF<br>JOSHUA W. WEIR<br>IN SUPPORT OF PLAINTIFFS'<br>APPLICATION ATTORNEYS' FEES<br>AND EXPENSES** |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 4:10-cv-3005 |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Nebraska State Patrol, et al.,<br><br>Defendants. | 4:09-cv-3266 |

I, **JOSHUA W. WEIR** hereby declare, pursuant to 28.U.S.C. § 1746 and under penalty of perjury as follows:

1. I am a counsel of record for the Plaintiffs in the above-captioned action.
2. I represented Doe Plaintiffs in the action that was originally filed in the United States Court, as well as those cases which were removed from the District Courts of Douglas and Sarpy Counties, and consolidated into this single case.



EXHIBIT

7

3. I hereby submit this declaration in support of Plaintiffs' motion to set the amount of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2).

4. I am a member of the bar of the State of Nebraska and the State of Iowa, and I am admitted to practice law in the United States District Court for the District of Nebraska, the Southern District of Iowa and the Northern District of Iowa and the Eighth Circuit Court of Appeals.

**Legal Experience**

5. I received a Juris Doctor, with distinction, from the University of Nebraska College of Law in 2006 and a Bachelor of Arts in Political Science, magna cum laude, from the University of Nebraska-Omaha in 2003.

6. After law school, I worked for approximately two years for the law firm of Fitzgerald, Schorr, Barmettler & Brennan primarily in the civil litigation department. In May of 2008, I joined the Peck Law Firm and I litigated a complex Habeas Corpus action in the Northern District of Iowa involving the immigration raid of the Agriprocessors kosher meat packing plant in Postville, Iowa, that garnered national media attention. I have also involved in a complex Habeas Corpus action in the District of Nebraska.

7. In March of 2009, I joined the law firm of Dornan, Lustgarten & Troia and I became a partner in August of 2010.

8. I practice almost exclusively in the areas of criminal defense and postconviction both in state and federal court I have several recent reported cases from the Nebraska Supreme Court including, *State v. Mena-Rivera*, 280 Neb. 948 (2010), *State v. Gonzalez*, 283 Neb. 1 (2012), *State v. Harris,* 284 Neb. 214 (2012) and *State v. Gaskill,* 284 Neb. 236 (2012).

**Work on this Case**

9. The Plaintiffs' seek compensation for the time I spent on this case between November 2009 through the trial and final order.

10. During the initial case development and investigation, I conducted legal research regarding jurisdiction, section 1983 actions, absolute and qualified immunity, removal, certifying state law questions, Nebraska ex post facto and sex offender case law, comparing Nebraska's Constitution to the Federal Constitution. I assisted in framing the issues and argued the cases in Douglas and Sarpy Counties.

11. Thereafter, I assisted with legal research and analysis regarding constitutional issues and proposed suggestions and edits to many of the motions and briefs filed in the case.

12. I participated in strategy sessions, analyzed evidence and filings.

**Requested Rate and Fee Award**

13. Based on prevailing rates for attorneys of my experience in this jurisdiction – those with approximately six (6) years of experience in criminal litigation/civil rights practice – the Plaintiffs seek compensation for hours I expended in this case a rate of $225.00 per hour.

14. As set forth in the billing records attached hereto, which I reviewed for accuracy, I expended a total of 89.7 hours in this case since November 2009, or a total charge of $20,182.50. As a matter of course, our firm is not recording the time spent by more than

one attorney in reading and analyzing each motion, brief and order in the case, choosing instead to only make a single entry for each activity, except in specific circumstances where collaboration was necessary. Accordingly, I can assert with good faith that I spent a considerable amount of time in excess of the amount recorded.

15. With due respect for reasonable billing judgment, I have reduced my time (89.7 hours) by 15%, as a matter of course. Therefore, the Plaintiffs seek a total of 76.2 hours for my services in this case.

16. Consequently, the lodestar for my services in this case totals $17,145.00.

17. However, based on the factors of difficulty and undesirability highlighted and discussed in the Brief in Support of Plaintiffs' Fee Application, the Plaintiffs seek a compensatory multiplier of 2.25. Accordingly, the Plaintiffs request a fully compensatory fee award of $38,576.25 for my work on and representation in this case.


I declare under penalty of perjury that the foregoing is true and accurate. Executed at Omaha, Nebraska, on November __, 2012.

Respectfully Submitted,

Joshua W. Weir

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| John Doe and Jane Doe 1 through 36, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 8:09-cv-456<br><br>**DECLARATION OF RODNEY C. DAHLQUIST, JR. IN SUPPORT OF PLAINTIFFS' APPLICATION ATTORNEYS' FEES AND EXPENSES** |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 4:10-cv-3005 |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Nebraska State Patrol, et al.,<br><br>Defendants. | 4:09-cv-3266 |

I, **RODNEY C. DAHLQUIST, JR.** hereby declare, pursuant to 28.U.S.C. § 1746 and under penalty of perjury as follows:

1. I am a counsel of record for the Plaintiffs in the above-captioned action.



2. I represented Doe Plaintiffs in the action that was originally filed in the United States Court, as well as those cases which were removed from the District Courts of Douglas and Sarpy Counties, and consolidated into this single case.

3. I hereby submit this declaration in support of Plaintiffs' motion to set the amount of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2).

4. I am a member of the bar of the State of Nebraska, and I am admitted to practice in the United States District Court for the District of Nebraska. I have also practiced in the Iowa State Courts, and the United States Bankruptcy Courts for the Districts of Nebraska, Colorado and Minnesota.

**Legal Experience**

5. In 2008, I graduated from the University of Nebraska College of Law with distinction. During law school, I was a member of the Moot Court Board and was a student assistant for Legal Research and Writing.

6. In 2005, I graduated from the University of Nebraska with a Bachelor of Science in Accounting.

7. Upon graduation from law school, I worked for approximately six months at a general civil litigation firm, mainly representing clients in family law cases. In April 2009, I joined Dornan Lustgarten & Troia, PC LLO, as an associate attorney, and have held this same job title and position since then.

8. Currently, I have a broad general civil litigation practice that includes contract drafting and litigation, representing both debtors and creditors in bankruptcy proceedings, family law, federal and state employment discrimination cases, corporate formation, operation, consultation and dissolution, and real estate and housing cases that include landlord-tenant disputes, evictions and Fair Housing complaints. After this case, I can now include civil rights/constitutional challenges to areas in which I have practiced.

**Work on this Case**

9. The Plaintiffs' seek compensation for the time I spent on this case between November 2009 through the trial and final order.

10. During the initial case development and investigation, I conducted legal research regarding the ability to file anonymously, the legal grounds for a preliminary injunction, and the issues surrounding the multiple causes of action raised by the Plaintiffs' Complaint. I shared the responsibility for drafting and editing the Complaint, Motion for Preliminary Injunction, Brief in Support of the Motion for Preliminary Injunction, Motion to Proceed Anonymously and Brief in Support of said Motion. I assisted in framing the issues and preparing this case for filing and preparing the attorneys for the preliminary injunction hearing.

11. Thereafter, I conducted the majority of the legal research regarding the constitutional issued raised in the dueling Motions for Summary Judgment filed by the Plaintiffs and Defendants. I was the principle drafter and editor of the Brief in Support of Plaintiffs' Motion for Summary Judgment and opposing the Defendants' Motion for Summary Judgment.

12. With regard to discovery, I was the lead attorney in drafting and editing the Plaintiffs' discovery requests propounded on Defendants, and coordinating the response to Defendants' discovery requests received. I attended and represented the Plaintiffs at a majority of their respective depositions, and telephonically attended the deposition of the Plaintiffs' expert witness. I was the lead attorney that researched, drafted and edited multiple discovery Motions and Briefs, including the issues relating to Motions to Compel and matters of privilege.

13. Throughout the case, I cultivated the relationship with and communicated between the firm and the cases' multiple Plaintiffs to coordinate matters of written discovery, depositions, hearings, case updates and ultimately trial. Throughout this case, I also coordinated with the counsels for the Defendants to schedule depositions, stipulations, conference about discovery matters and coordinate multiple other scheduling and progression matters.

14. There were days, and sometimes weeks, at a time that I was able to only work on this case, to the detriment of my other clients and cases. On more than one occasion, I have upset other clients, some recurring, because I have been forced to dedicate nearly all of my time to this case. This was not constant, but it did occur leading up to and preparing for the filing of this case, preparing the motion and brief for summary judgment, during the discovery disputes and leading up to and preparing for trial.

15. After it was discovered that the Plaintiffs would need a separate expert, I contacted Prof. Bell at Chapman University. He indicated that he would not be sympathetic to the Plaintiffs' position and too costly.

16. I was the lead attorney preparing for the trial in this case, including the preparation of witnesses and exhibits as well as the coordination of pretrial filings. I prepared arguments and attended all but one hearing and court conferences in this case.

17. On November 1, 2010, I attended a settlement conference in Lincoln to discuss the possibility of a resolution. I was contacted by counsel for the Defendants on October 25, 2012, to attend a settlement conference regarding attorney fees. It was conducted on October 29 and continued to October 30, 2012, without resolution.

**Requested Rate and Fee Award**

18. Based on prevailing rates for associate attorneys of my experience in this jurisdiction representing civil rights plaintiffs in federal court, the Plaintiffs seek compensation for hours I expended in this case a rate of $200.00 per hour.

19. As set forth in the billing records attached hereto, which I reviewed for accuracy, I expended a total of 1,038.8 hours in this case since November 2009, or a total charge of $207,706.00. Frankly, the total number of hours I spent on this case was considerably more than this amount because much time spent discussing this case, corresponding with clients, and providing general administration went undocumented.

20. Out of respect for reasonable billing judgment, I have consulted with the other attorneys for the Plaintiffs and reduced my time by 15% to account for incomplete success, partial success and to eliminate any duplication of work. Consequently, Plaintiffs seek compensation for 883.0 hours of my legal service.

21. After exercising the foregoing reasonable billing prudence, the requested lodestar for my services in this case is $176,600.00.

22. However, based on the factors highlighted and discussed in the Brief in Support of Plaintiffs' Fee Application, the Plaintiffs seek a compensatory multiplier of at least 2.25 to the lodestar. Accordingly, the Plaintiffs request a fully compensatory fee award of at least $397,350.00 for my work on and representation of the Plaintiffs in this matter.

I declare under penalty of perjury that the foregoing is true and accurate. Executed at Omaha, Nebraska, on November ___, 2012.

Respectfully Submitted,

Rodney C. Dahlquist, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| John Doe and Jane Doe 1 through 36, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 8:09-cv-456<br><br><br>**DECLARATION OF ROSS R. PESEK** |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>State of Nebraska, et al.,<br><br>Defendants. | 4:10-cv-3005 |
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Nebraska State Patrol, et al.,<br><br>Defendants. | 4:09-cv-3266 |

I, **ROSS PESEK** declare, pursuant to 28.U.S.C. § 1746 and under penalty of perjury as follows:

1. I represented the Plaintiffs in the above-captioned action. I hereby submit this declaration in support of Plaintiffs' motion to set the amount of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2).



EXHIBIT

9

2. I am a member of the bar of the State of Nebraska and the State of Iowa (inactive), and am admitted to practice in the United States District Court for the District of Nebraska and the Eighth Circuit Court of Appeals.

**Legal Experience**

3. I graduated University of Nebraska Law School with Distinction in 2010. During law school, I won the Robert G. Simmons legal writing competition and the McGrath, North Excellence in Legal Writing Award.

4. Prior to law school, I graduated from the Wayne State College and Central Community College *Summa Cum Laude* with a 4.0 GPA.

5. During law school, I clerked at Kutak Rock in Omaha, Nebraska and Baylor, Even, Curtiss, Grimit and Witt in Lincoln. While at these firms I was exposed to corporate litigation and various types of insurance related litigation.

6. Since approximately August 2010, I have worked at Dornan, Lustgarten and Troia ("DLT") as an associate attorney. While at DLT I worked extensively with the Latino Communities in Eastern Nebraska. I have done criminal defense in major crimes including murder cases, federal drug conspiracies and felony sexual assaults. I have participated in major civil litigation in both the state and federal courts including 1983, Americans with Disabilities Act and Civil RICO claims in Federal court.

7. I am fluent in Spanish and English.

8. I have founded a legal clinic at Our Lady of Guadalupe Catholic Church in South Omaha. At this clinic I meet with community members and give free consultations and legal advice. Since the inception of the legal clinic, over 400 individuals and families have visited the clinic. The majority of the people that visit the legal clinic are Spanish speakers who would otherwise be required to pay $100 to consult with a Spanish speaking attorney.

9. I have participated as a community organizer raising awareness of new immigration programs for young Latinos in Eastern Nebraska. A new immigration remedy was announced by the federal government in June 2012. Since June 2012, I have spoken in front of over 10,000 individuals, consulted for free with over 80 families and personally managed the cases of over 35 individuals.

**Work on this Case:**

10. Plaintiffs' seek compensation for the time I spent on this matter between October 2010 and the present, and not for hours expended prior to that time.

11. During the discovery phase of this case, I represented the firm at multiple depositions of Plaintiffs.

**Requested Rate and Fee Award**

12. Based on the prevailing rates for attorneys of my experience in this jurisdiction, the Plaintiffs seek compensation for hours I expended in this case a rate of $150 per hour.

13. As set forth in the billing records attached hereto, I expended 4.3 hours on this matter. In consultation with other counsel for the Plaintiffs, I reduced that time by 15%.

14. Consequently, Plaintiffs seek an attorney fee for 3.7 hours of my representation.

15. Accordingly, a total attorney fee of $555.00 is requested for my work on this case.

I declare under penalty of perjury that the foregoing is true and accurate. Executed at Omaha, Nebraska, on October 3*l*, 2012.

Respectfully Submitted,

Ross R. Pesek